FILED
CHARLOTTE, NC

JUL 30 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:25-cr-208-MOC |
| | ) | |
| v. | ) | **BILL OF INFORMATION** |
| | ) | |
| BARBARA KEEFAUVER | ) | 18 U.S.C. § 1956(h) |
| | ) | |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES**:

At the specified time and at all relevant times:

### Introduction

1. From no later than January 24, 2024, through at least August 7, 2024, the defendant, BARBARA KEEFAUVER, conspired with others known and unknown to carry out a scheme to launder more than $2.2 million in proceeds of romance fraud schemes typically targeting elderly and other vulnerable victims. Upon receipt of the proceeds into the bank accounts under her control, KEEFAUVER and her co-conspirators conducted further financial transactions to unlawfully and unjustly enrich the co-conspirators.

### Relevant Individuals and Entities

2. KEEFAUVER was a resident of Matthews, North Carolina.

3. Make Sense Partners LLC ("Make Sense") was a limited liability company registered with the North Carolina Secretary of State on October 17, 2023; KEEFAUVER was identified as a member. KEEFAUVER represented Make Sense as a cryptocurrency investment company, but in truth and in fact, its purpose was to be an unlawful money laundering business.

4. KEEFAUVER controlled accounts at various domestic financial institutions, including Bank of America and JPMorgan Chase (collectively, the "Financial Institutions") in her own name and in the name of Make Sense. The accounts and deposits of the Financial Institutions were insured by the Federal Deposit Insurance Corporation.

5. S.L. is an unindicted co-conspirator who provided direction to KEEFAUVER about the receipt and transfer of the fraud proceeds.

### The Money Laundering Conspiracy

6. From no later than January 24, 2024, through at least August 7, 2024, KEEFAUVER and her co-conspirators engaged in a conspiracy to launder the proceeds of illegal activities, and specifically, to engage in financial transactions involving the proceeds of wire fraud

1

and mail fraud schemes to conceal and disguise the nature, location, source, ownership, and control of those proceeds.

7. As part of the conspiracy, co-conspirators known and unknown to the United States Attorney used online aliases to contact victims on various dating sites and convinced those victims, under false pretenses, to transfer funds and mail checks to KEEFAUVER that were deposited into KEEFAUVER's and Make Sense's bank accounts.

8. Also as part of the conspiracy, after KEEFAUVER received the fraud proceeds, the funds were rapidly depleted through withdrawals and transfers to other accounts, including cryptocurrency wallets.

9. Also as part of the conspiracy, KEEFAUVER and her co-conspirators made and caused to be made false statements to the Financial Institutions about the purpose of various financial transactions in order to, among other things, avoid scrutiny by the victims and Financial Institutions.

10. In total, KEEFAUVER and her co-conspirators caused 16 or more third parties to deposit or transfer more than $2.2 million of criminal proceeds into bank accounts under her control.

## COUNT ONE
18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

11. Paragraphs 1 through 10 of this Bill of Information are realleged and incorporated by reference.

12. From no later than January 24, 2024, through at least August 7, 2024, in Union County, within the Western District of North Carolina, and elsewhere, the defendant,

**BARBARA KEEFAUVER**

did knowingly combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957.

### Objects of the Conspiracy

13. The objects of the conspiracy were for defendant and others known and unknown to the Grand Jury:

   a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that while

2

conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

    b.    to knowingly engage and attempt to engage in one or more monetary transactions by, through and to one or more financial institutions, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is wire fraud and mail fraud, in violation of 18 U.S.C. § 1957(a).

14.    KEEFAUVER and her coconspirators carried out the conspiracy in the manner and means set forth in paragraphs 6 through 10 above, among other ways.

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. §§ 982 and 28 U.S.C. § 2461(c). Under § 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C). The following property so subject to forfeiture in accordance with sections 982 and/or 2461(c):

    a.    All property constituting the proceeds of or involved in the violations set forth in this Bill of Information; and

    b.    If, as set forth in 21 U.S.C. § 853(p), any property described in (a) and (b) cannot be located upon the exercise of due diligence, has been transferred or sold do, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment for all currency and monetary instruments that were involved in the crimes alleged in this Bill of Information, including but not limited to the sum of approximately $2,253,738.

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY